IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY COOPER,<br><br>      Plaintiff,<br><br>v.<br><br>KELLY CRESTANI, and JOHN DOES 1-10, whose true names are unknown,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br>Case No. 2:18-CV-970-TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on Kelly Crestani's ("Crestani") Motion for Judgment on the Pleadings regarding Larry Cooper's ("Cooper") contribution and negligence claims. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

This factual background is taken from the Amended Complaint and favors Cooper, the nonmoving party.[1] Cooper is an owner of Park City Dry Cleaning and Linen Corp. ("PCDC").[2] Crestani was employed as PCDC's chief executive officer ("CEO") from October 2010 to June 2012.[3] As part of that responsibility, Crestani was supposed to, but failed to, pay PCDC's employee withholding taxes for 2011 and 2012 to the Internal Revenue Service ("IRS") as required by law.[4] Accordingly, the IRS assessed Cooper, as an owner of PCDC, the full amount

---

[1] *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

[2] Docket No. 24, at 1.

[3] Docket No. 25, at 2.

[4] *Id.* at 3.

of the withholding taxes.[5]  Cooper paid the taxes in full and now seeks contribution from Crestani pursuant to 26 U.S.C. § 6672(d).[6]  Cooper also alleges negligence based on Crestani's failure to pay PCDC's taxes.[7]

Crestani filed for Chapter 7 bankruptcy protection on April 8, 2013, but he did not list any debt asserted by Cooper on his creditor's schedule.[8]  PCDC received notice of the bankruptcy and even filed an adversary proceeding objecting to discharge.[9]  Crestani's bankruptcy was closed and all debts were discharged on August 3, 2017.[10]  Crestani argues that Cooper's claims were discharged through this bankruptcy.[11]

## II. JUDGMENT ON THE PLEADINGS STANDARD

Crestani seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In reviewing a Motion under Rule 12(c) the Court's review is limited to the pleadings and any facts of which the Court will take judicial notice.[12]  The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[13]

---

[5] *Id.*

[6] *Id.* at 4.

[7] Docket No. 22, at 6–8.

[8] Docket No. 24, at 2; Docket No. 25, at 6.

[9] Docket No. 26 Ex. A.

[10] Docket No. 24, at 2.

[11] *Id.* at 1.

[12] *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[13] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002) ("We use the same standard when evaluating 12(b)(6) and 12(c) motions.").

Judgment on the pleadings should be granted only if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[14] In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the Plaintiff as the nonmoving party.[15] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16] As the *Iqbal* Court stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[17]

III. DISCUSSION

The question raised by the Motion is whether Cooper's claims were discharged by Crestani's Chapter 7 Bankruptcy. Generally, a "chapter 7 discharge discharges debtors from all debts that arose before the date of the order for relief under chapter 7, except nondischargeable

---

[14] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal citations and quotation marks omitted).

[15] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[16] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citations and quotation marks omitted).

debts."[18] Debts, however, may only be discharged with respect to creditors who received actual, timely notice of the bankruptcy proceedings.[19] This requirement protects creditors' due process rights.[20]

The parties do not dispute that Crestani filed for Chapter 7 Bankruptcy, or that he did not list Cooper's claim on his creditor's schedule.[21] The parties, however, dispute whether Cooper's claim was discharged pursuant to 11 U.S.C. § 523(a)(3). Cooper argues that under § 523(a)(3) "the damages asserted in this case have not been discharged and [Crestani] remains liable for them despite his bankruptcy filing."[22] In response, Crestani argues that Cooper's unlisted claim was discharged for two reasons. First, Crestani did not know of the debt when he filed for bankruptcy and therefore § 523(a) does not require the debt to be included in his creditor's schedule.[23] Second, Cooper had notice of the bankruptcy proceeding because PCDC participated therein and notice was imputed to Cooper through his PCDC ownership interest.[24]

---

[18] *In re Speece*, 159 B.R. 314, 322 (Bankr. E.D. Cal. 1993); *accord* 11 U.S.C. § 727(b); *Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d. 1117, 1124 (D. Colo. 2018).

[19] 11 U.S.C. § 523(a)(3)(A) ("A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.")

[20] *See Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir. 1984); *In re Green*, 876 F.2d 854, 856 (10th Cir. 1989).

[21] *See* Docket No. 24, at 2.

[22] Docket No. 25, at 6.

[23] *See* Docket No. 26, at 5.

[24] *Id.* at 5–6.

4

Generally, a debtor must know about a debt for § 523(a)(3)(A) to apply.[25] Indeed, a Tenth Circuit Bankruptcy Appellate Panel stated "[p]ursuant to § 523(a)(3), a debtor has a responsibility to list claims only if **known**."[26]

Here, Crestani argues that § 523(a)(3) does not apply because he "had no notice of [the] unpaid taxes until plaintiff filed this lawsuit in December, 2018—more than 5 years after Crestani's discharge."[27] Cooper, however, alleges that Crestani had notice of the unpaid taxes when he "failed to truthfully account for, and pay over to the [IRS] withholding taxes required to be withheld and paid over to the government . . . ."[28] For purposes of this review, the Court assumes that Crestani had notice of the unpaid taxes because this Court's review is limited to the facts alleged in the Amended Complaint which must be viewed in the light most favorable to Cooper, as the non-moving party.[29] Accordingly, based on the procedural posture of this case, dismissal is not warranted on this ground

The next issue is whether Cooper had notice of Crestani's bankruptcy proceedings. The Tenth Circuit has held that "a creditor who does not receive formal notice of [a Chapter 7 Bankruptcy filing], but who has actual knowledge shortly after the filing, is bound by the bar date for filing complaints to determine dischargeability."[30] The notice or knowledge requirement is strictly construed to mean actual, rather than imputed or constructive knowledge, unless it is

---

[25] *See, e.g., In re Phillips* 599 B.R. 133, 137 (Bankr. D. Kan. 2019); *Muir v. McWilliams*, 517 B.R. 132, 137–38 (S.D. Ind. 2014).

[26] *In re Schlueter*, 391 B.R. 112, 116 (B.A.P. 10th Cir. 2008).

[27] Docket No. 26, at 5.

[28] Docket No. 22 ¶ 13; *see also id.* ¶¶ 14–19.

[29] *See Sanders*, 689 F.3d at 1141.

[30] *In re Green*, 876 F.2d at 855.

imputed from the creditor's authorized agent, attorney, or proxy.[31] The burden of establishing that a creditor received adequate notice is on the debtor.[32]

Here, Crestani argues that Cooper had "notice of Crestani's bankruptcy sufficient to satisfy due process concerns in discharging [his] claim[]."[33] Crestani's only evidence to support this claim is that, "[Cooper's] company, Park City Dry Cleaning . . . filed an adversary proceeding in the bankruptcy objecting to discharge."[34] There are no factual allegations by either party that indicate whether Cooper received knowledge or notice of Crestani's bankruptcy. Further, the Court's review of the docket for the PCDC-Crestani adversarial proceeding did not indicate that Cooper participated in those proceedings. Instead, it appears that George Parker, who loaned Crestani money to purchase a PCDC ownership interest, initiated and participated in the proceedings. Crestani's sole claim— that notice or knowledge was imputed to Cooper through his ownership interest in PCDC— requires the Court to infer that because PCDC participated in Crestani's bankruptcy and Cooper partially owned PCDC then Cooper must have known about the Crestani Bankruptcy. The Tenth Circuit, however, has made clear that when reviewing a motion for judgment on the pleadings "[a]ll reasonable inferences must be indulged in favor of the

---

[31] *U.S., Small Bus. Admin. v. Bridges*, 894 F.2d 108, 112 (5th Cir. 1990); *In re Porter*, 16 B.R. 229, 232 (Bankr. D. Mass. 1981); 4 *Collier on Bankruptcy* ¶ 523.09[4][a] (16th ed. 2013).

[32] *Hill v. Smith*, 260 U.S. 592, 594–95 (1923); 4 Collier on Bankruptcy ¶ 523.09[4][a] (16th ed. 2013).

[33] Docket No. 26, at 5.

[34] *Id.* at 6.

plaintiff . . . and the pleadings must be liberally construed."[35] At this stage in the litigation, it is improper for the Court to infer that Cooper obtained knowledge about Crestani's bankruptcy through his PCDC ownership interest. This is a factual dispute that must be resolved later.

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 24) is DENIED.

DATED this 30th day of September, 2019.

BY THE COURT:

_Ted Stewart_
United States District Judge

---

[35] *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *Morse v. Regents of Univ. of Colo.*, 154 F.3d 1124, 1126–27 (10th Cir. 1998) ("we accept the factual allegations in the complaint as true and we resolve all reasonable inferences in the plaintiff's favor.").